**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER**<br>**1519 New Hampshire Ave, N.W.**<br>**Washington, D.C. 20036,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE**<br>**Washington, D.C. 20511**<br><br>**Defendant.** | ) | **Civil Action No. 26-4171** |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the release of agency records requested by the Plaintiff Electronic Privacy Information Center ("EPIC") from Defendant Office of the Director of National Intelligence ("ODNI").

2. Plaintiff EPIC seeks the expedited processing of a FOIA request for the 2026 Foreign Intelligence Surveillance Court ("FISC" or "FISA Court") ruling on the annual recertification of Section 702 of the Foreign Intelligence Surveillance Act of 1978 ( "FISA Section 702" or "Section 702"), a record in the possession of ODNI, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a).

3. EPIC challenges ODNI's failure to make a timely decision concerning EPIC's request for the public release of the ruling.

4. EPIC now seeks an injunctive order requiring disclosure, as soon as practicable, of the FISC ruling.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552 (a)(4)(B). This Court has personal jurisdiction over Defendant ODNI.

6. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

7. EPIC is a nonprofit organization, incorporated in Washington, D.C., established in 1994 to focus public attention on emerging privacy and civil liberties issues. Central to EPIC's mission is oversight and analysis of government activities. EPIC's Advisory Board includes distinguished experts in law, technology, public policy, and cybersecurity. EPIC routinely disseminates information to the public through the EPIC website, the EPIC Alert newsletter, and various other news organizations. EPIC is a representative of the news media.[1]

8. Defendant ODNI is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Washington, D.C.

**Facts**

***The Importance of FISA Section 702 and the Necessity of a Public Release***

9. In 1978, Congress enacted the Foreign Intelligence Surveillance Act of 1978 to authorize and regulate electronic surveillance for foreign intelligence purposes.[2]

---

[1] EPIC v. DOD, 241 F. Supp. 2d 5, 15 (D.D.C. 2003).

[2] The Foreign Intelligence Surveillance Act of 1978, Pub. L. 95-511, 92 Stat. 1783 (1978).

10. In 2008, Congress passed the FISA Amendments Act of 2008, amending FISA to "establish a procedure for authorizing certain acquisitions of foreign intelligence."[3]

11. Section 702 of the FISA Amendments Act authorizes surveillance programs targeting non-U.S. persons reasonably believed to be outside the United States to acquire “foreign intelligence information” with the compelled cooperation of U.S. service providers. [4]

12. While Section 702 is a foreign intelligence surveillance authority, the government has conceded that it also collects a significant amount of U.S. persons’ communications under Section 702 surveillance programs.[5]

13. Programs authorized under Section 702 do not involve FISC oversight of individual surveillance orders.[6]

14. The Attorney General and the Director of National Intelligence jointly authorize these programs and submit an annual certification to the FISC.[7]

15. The government does not need to show probable cause, establish that a target is an agent of a foreign power or engaged in criminal activity, or identify the specific places or facilities that will be monitored when initiating surveillance through Section 702 on an individual.

---

[3] Foreign Intelligence Surveillance Act of 1978 Amendments Act of 2008, Pub. L. 110-261, 122 Stat. 2436 (2008).

[4] 50 U.S.C § 1881a(a).

[5] *Report on the Surveillance Program Operated Pursuant to Section 702 of the Foreign Intelligence Surveillance Act*, Priv. and Civ. Lib. Oversight Board at 17 (Sept. 28, 2023), https://documents.pclob.gov/prod/Documents/OversightReport/054417e4-9d20-427a-9850-862a6f29ac42/2023%20PCLOB%20702%20Report%20(002).pdf.

[6] 50 U.S.C. § 1881a(a).

[7] *Id.*

16. Instead, the Attorney General must provide annual certifications to the FISC describing "targeting procedures" that are be "reasonably designed" to ensure that any Section 702 acquisition is "limited to targeting [non-U.S.] persons reasonably believed to be located outside the United States" and to prevent the intentional acquisition of wholly domestic communications. These certifications also include procedures for querying Section 702 acquisitions and minimization requirements for the retention of U.S. person information acquired through Section 702 surveillance.[8]

17. If the FISC approves these procedures, the government is authorized to compel the cooperation of U.S. service providers in acquiring communications associated with certain "selectors" that are believed to be associated with those non-U.S. person targets.[9]

18. The Intelligence community, despite committing to its release, has yet to release statistics on the number of Americans whose communications are collect under Section 702 programs.[10]

19. Government agencies such as the NSA, CIA, NCTC, and FBI may all "query" Section 702 databases and search the data to retrieve contents or metadata.[11]

---

[8] 50 U.S.C. § 1881a(d)(1), (h)(2)(A)(i), (h)(2)(B) 1881a(d)(1), (h)(2)(A)(i), (h)(2)(B), (e)(1), (h)(2)(A)(ii), (h)(2)(B), (f)(1)(A), (d)(2), (e)(2), and (j).

[9] 50 U.S.C. § 1881a(a), (b)(3), (h)(2)(A)(vi).

[10] *Report on the Surveillance Program Operated Pursuant to Section 702 of the Foreign Intelligence Surveillance Act*, Priv. and Civ. Lib. Oversight Board at 39 FN 119 (Sept. 28, 2023), https://documents.pclob.gov/prod/Documents/OversightReport/054417e4-9d20-427a-9850-862a6f29ac42/2023%20PCLOB%20702%20Report%20(002).pdf.

[11] The Annual Statistical Transparency Report Regarding the Intelligence Community's Use of National Security Surveillance Authorities, April 2026, https://www.odni.gov/wp-content/uploads/dlm_uploads/2026_ASTR_for_CY2025.pdf.

20. The FBI routinely conducts warrantless searching of communications acquired using Section 702 to pursue routine criminal investigations of U.S. persons, often referred to as "backdoor searches."[12]

21. Senator Ron Wyden, a member of the Senate Select Committee on Intelligence, speaking on the FISC ruling stated:

> "The Foreign Intelligence Surveillance Court found major compliance problems….directly related to Americans' Constitutional rights... Instead of addressing these problems, opponents of reform are going to try to jam a straight reauthorization of section 702 through Congress next week, while the American people are still in the dark. That's unacceptable. This court ruling needs to be declassified so that Americans can understand what the Trump administration is actually up to. And Congress must vote for real reforms to protect Americans' rights."[13]

***FISC Renewed FISA Section 702 on March 17, 2026***

22. Section 702 of FISA lapsed on June 12, 2026, after Congress failed to pass an extension before leaving for recess.

23. The surveillance operates under yearlong certifications approved by the FISA Court and must be renewed on a yearly basis.

24. The law makes clear that these certifications, and the directives issued to companies under them, are grandfathered; they remain valid until their expiration date, even if the underlying statute expires.

---

[12] Jeramie D. Scott, *Reforming 702: End Warrantless Backdoor Searches*, EPIC (Feb. 23, 2023), https://epic.org/reforming-702-end-warrantless-backdoor-searches/.

[13] Press Release, Ron Wyden, *Wyden Statement on Revelation of Major Compliance Problems With FISA Section 702 Surveillance* (Apr. 10, 2026), https://www.wyden.senate.gov/news/press-releases/wyden-statement-on-revelation-of-major-compliance-problems-with-fisa-section-702-surveillance.

25. The FISA Court approved the yearlong certification and renewal on March 17, 2026.[14]

26. Section 702 surveillance is authorized to continue until March 17, 2027. The surveillance programs conducted under Section 702 must be renewed on a yearly basis by the FISC.[15]

27. According to a report by *The New York Times*, the FISC ruling renewing programmatic surveillance under Section 702 also included objections by the judge to the tools used on the raw data collected via the 702 program.[16]

28. Any significant FISC opinion must go through a declassification review and made "publicly available to the greatest extent practicable."[17]

29. The declassification and public release of the opinion is required to occur within 180 days of the opinion being issued.[18]

30. Acting Attorney General Todd Blanche committed to releasing the opinion stating:

> "The Department of Justice and Office of the Director of National Intelligence have been working diligently with the Intelligence Community to process the opinion for declassification and public release as quickly and responsibly as possible."[19]

---

[14] Senator Ron Wyden, *Letter to colleagues regarding March 17, 2026 FISC opinion* (June 3, 2026), https://www.cato.org/sites/cato.org/files/2026-06/wyden-dear-colleague-letter-on-fisa.pdf.
[15] 50 U.S.C. § 1881a(j)(2)-(3).
[16] Charlie Savage & Julian E. Barnes, *U.S. Says Wiretap Program Thwarted Attack on 2024 Taylor Swift Concert*, N.Y. Times (Apr. 9, 2026), https://www.nytimes.com/2026/04/09/us/politics/section-702-surveillance-fisa.html; *See also* Senator Ron Wyden, *Letter to colleagues regarding March 17, 2026 FISC opinion* (June 3, 2026), https://www.cato.org/sites/cato.org/files/2026-06/wyden-dear-colleague-letter-on-fisa.pdf.
[17] 50 U.S.C. § 1872.
[18] *Id.* at § 1872(a).
[19] Questions for the Record by Senator Adam Schiff, *Hearing on The Nomination of the Honorable Todd Blanche to be Attorney General of the United States* (July 17, 2026),

31. The 180-day deadline passed on September 13, 2026.

32. Lawmakers are actively considering whether to renew Section 702 and on what terms.[20] Trump administration officials are pressing Congress to reauthorize the program during the current lame duck session.[21]

33. The opinion has not yet been released to the public as of the filing of this complaint.

***EPIC's FOIA Request and Exhaustion of Administrative Remedies***

34. On October 7, 2026, EPIC submitted EPIC's FOIA Request via email to Rebecca Flowers, the Acting Chief at the Information Management Office for ODNI, which is responsible for fielding FOIA inquiries.

35. EPIC's FOIA Request sought the aforementioned FISC opinion on the March 17, 2026 annual recertification of FISA Section 702.

36. EPIC sought expedited processing under 5 U.S.C. §§ 552(a)(6)(E)(i), (a)(6)(E)(v)(II), 32 C.F.R § 1700.6(h)(2).

37. EPIC sought "news media" fee status under 5 U.S.C. § 552(a)(4)(A)(ii)(II).

---

https://www.judiciary.senate.gov/imo/media/doc/98781d53-bdcc-75d8-c507-1b1bca492142/2026-07-15_QFR-Responses_Blanche_687007f1-363d-40d9-b7da-356b52dc448d.pdf.

[20] *See, e.g.,* Meagan O'Rourke, *Outgoing Speaker Mike Johnson Once Decried the Surveillance State. Then He Became One of Its Top Defenders*, Reason (Nov. 5, 2026), https://reason.com/2026/11/05/outgoing-speaker-mike-johnson-once-decried-the-surveillance-state-then-he-became-one-of-its-top-defenders/.

[21] Charlie Savage & Dustin Volz, *Trump Officials Press Congress to Renew Spying Law in Lame-Duck Session*, N.Y. Times (Nov. 13, 2026), https://www.nytimes.com/2026/11/13/us/politics/trump-congress-section-702-surveillance.html.

38. EPIC sought a waiver of duplication fees under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(d)(1), 5.11(k).

39. EPIC received an email on Wednesday, October 14, 2026, from ODNI_FOIA@odni.gov acknowledging receipt of the FOIA request and designating it tracking number "DF-2027-00007"

40. The email also stated that a formal acknowledgement letter would be sent within 20 business days.

41. On October 16, 2026, EPIC received an email from ODNI_FOIA@odni.gov with a formal acknowledgement letter attached.

42. In its October 15, 2026 acknowledgement letter, ODNI granted EPIC's request for expedited processing.

43. EPIC followed up via email on October 30, 2026 for an update on the status of EPIC’s FOIA request and received no reply. EPIC followed up via email again about the status of the FOIA request on November 16, 2026 and received no reply.

44. It has been 49 calendar days since ODNI received EPIC’s FOIA Request.

45. Under 5 U.S.C. § 552(a)(6)(E)(ii)(I), ODNI is obligated to reply within 10 working days.

46. Under 5 U.S.C. § 552(a)(6)(A), ODNI is required to make a determination whether to comply with the request within twenty days of receipt of the request. Further, ODNI is required to notify the person making such a request of the determination and the reasons therefor.

47. ODNI has not notified EPIC of any other determinations concerning EPIC’s FOIA Request.

48. Under 5 U.S.C. § 552(a)(6)(B), ODNI may request an extension of the time period to provide notification of a determination.

49. ODNI has not requested a time extension to provide notification of a determination.

50. Because no adverse determination has been made by ODNI, EPIC is not able to file an appeal as would otherwise be available through 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

51. ODNI's failure to make a determination within the statutory time limitation violates FOIA.

52. EPIC has constructively exhausted all administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

**Count I**

**Violation of FOIA: Failure to Comply with Statutory Deadlines**

53. Plaintiff asserts and incorporates by reference paragraphs 1-52.

54. Defendant ODNI has failed to make a determination on EPIC's FOIA Request for more than 30 working days.

55. Defendant ODNI has failed to make a determination on EPIC's FOIA Request for more than 28 working days after sending EPIC its formal acknowledgment letter.

56. Defendant ODNI has thus violated the 20-working-day deadline under 5 U.S.C. § (a)(6)(A)(i).

57. ODNI has failed to process EPIC's request within the expedited processing timeline. ODNI has thus violated the 10-calendar-day deadline under § 552(a)(6)(E)(ii)(I).

58. As Defendant ODNI has "fail[ed] to comply with the applicable time limit provisions," Plaintiff has constructively exhausted all applicable administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## Count II

### Violation of FOIA: Unlawful Withholding of Agency Records

59. Plaintiff asserts and incorporates by reference paragraphs 1-52.

60. Defendant ODNI has wrongfully withheld agency records requested by Plaintiff.

61. Plaintiff has exhausted all applicable administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## Requested Relief

62. WHEREFORE, Plaintiff requests this Court:

a) Order Defendant to disclose promptly to Plaintiff all responsive, non-exempt records;

b) Order Defendant to grant EPIC's requests for a fee waiver;

c) Award EPIC costs and reasonable attorney's fees in this action; and

d) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Jeramie D. Scott
Jeramie D. Scott, D.C. Bar # 1025909
EPIC Senior Counsel

ELECTRONIC PRIVACY
INFORMATION CENTER
1519 New Hampshire Avenue NW
Washington, D.C. 20036
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: November 24, 2026